IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-50733
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO SANTOS-GRANADO,
also known as Ricardo G. Santos,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-00-CR-176-1-OG

_____

October 12, 2001

Before POLITZ, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Ricardo Santos-Granado appeals his sentence of 46 months' imprisonment

after pleading guilty to illegal reentry after deportation in violation of 8 U.S.C. §

1326.  The district court determined that Santos-Granado's offense level should be

increased by 16 points pursuant to U.S.S.G. § 2L1.2(b)(1)(A) due to his prior felony

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

DWI conviction.  On August 30, 2001, the Government filed an unopposed motion to remand for resentencing pursuant to this court's decision in United States v. Chapa-Garza, 243 F.3d 921, 927 (5th Cir. 2001), rehearing and rehearing en banc denied, ___ F.3d ___, 2001 WL 946416 (5th Cir. Aug. 20, 2001).

The Government's motion is GRANTED, the sentence is VACATED, and this case is REMANDED for resentencing in light of Chapa-Garza.

Santos-Granado contends that the aggravated-felony conviction that resulted in his increased sentence under § 1326(b)(2) was an element of the offense that should have been charged in the indictment.  He concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998).  He nevertheless seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000).  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 120 S. Ct. at 2362; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000)(noting that the Supreme Court in Apprendi expressly declined to overrule Almendarez-Torres), cert. denied, 121 S. Ct. 1214 (2001).  This court must therefore follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation and citation omitted).  Apprendi does not prevent him from being sentenced to a term of imprisonment of more than two years.  Chapa-Garza, 243 F.3d at 928.

MOTION GRANTED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.